IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clifford Thomas Shiflet, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 8:18-cv-03260-TMC-JDA |
| ) | |
| BASF CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ANSWER TO COMPLAINT

COMES NOW Defendant, BASF Corporation, as Plan Sponsor and Plan Administrator for the BASF Corporation Salaried Employees' Pension Plan ("BASF" or "Defendant"), incorrectly identified in the Complaint as "BASF Corporation", by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and answers the Complaint in the above-styled case as follows:

### FIRST DEFENSE

Defendant responds to the individually numbered paragraphs in Plaintiff's Complaint as follows:

1. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph I.A., of the Complaint, and therefore denies the same.

2. In response to the allegations contained in paragraph I.B., of the Complaint, Defendant admits that BASF is a corporation having a business address at 100 Park Avenue, Florham Park, New Jersey. Except as expressly admitted, any remaining allegations contained in paragraph 1.B., of the Complaint are denied.

3. In response to the allegations contained in paragraph II of the Complaint, including all sub-parts, BASF lacks knowledge or information sufficient to form a belief as to the truth of so

much of the allegations contained therein as pertain to Plaintiff's residency, and therefore denies the same. Defendant admits that it is a corporation organized and existing pursuant to the laws of Delaware and that it maintains a principal place of business in New Jersey. Responding to so much of the allegations contained in paragraph II as assert one or more bases for this Court to exercise subject matter jurisdiction over this matter, BASF avers that those allegations are limited to one or more conclusions of law to which no response by Defendant is required. To the extent that a response may be required, BASF acknowledges the subject matter jurisdiction of this Court, and expressly avers that the Complaint alleges a claim for benefits under an employee pension benefit plan organized and maintained pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and that therefore, the Complaint presents a federal question, giving rise to this Court's jurisdiction pursuant to 28 U.S.C. § 1331. BASF denies any remaining allegations contained in paragraph II.

    4. In response to paragraph III of the Complaint, BASF denies the allegations contained therein.

    5. In response to paragraph IV of the Complaint, BASF denies the allegations contained therein, to specifically include the content of the documents referenced therein and attached to the Complaint. Further responding, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

    6. In response to paragraph V of the Complaint, BASF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, insofar as those allegations are predicated upon one or more statements of Plaintiff's "knowledge, information, and belief", and therefore denies the same. Defendant denies any remaining allegations contained in paragraph V.

7.     Defendant denies that Plaintiff is entitled to any of the relief requested within the Complaint.

8.     Plaintiff is not entitled to a jury trial under ERISA, and Plaintiff's request for a jury trial should be stricken from the Complaint.

9.     Defendant denies each allegation of the Complaint that is not specifically admitted, denied, or otherwise controverted in this Answer.

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following defenses:

### SECOND DEFENSE

Any allegation not specifically admitted previously in this Answer is now denied.

### THIRD DEFENSE

To the extent that a cognizable claim is presented by way of the Complaint, the only claim that may be properly asserted therein is a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and the Plaintiff's claim(s) should be adjudicated as such. To the extent that Plaintiff seeks to allege one or more claims not permitted as a private cause of action under ERISA, those claims are pre-empted and should be dismissed.

### FOURTH DEFENSE

All claims for relief contained in the Complaint that seek a remedy not afforded pursuant to 29 U.S.C. § 1132(a)(1)(B), including Plaintiff's purported claim for punitive damages, should be dismissed and stricken from the Complaint.

### FIFTH DEFENSE

Defendant has not breached any duty owed to Plaintiff.

## SIXTH DEFENSE

The determination concerning Plaintiff's claim for pension benefits was not arbitrary and capricious and/or was otherwise in accordance with the terms of the applicable plan terms.

## SEVENTH DEFENSE

Defendant asserts each and every provision of the applicable plan terms that is or may be construed as an affirmative defense.

## EIGHTH DEFENSE

The determination concerning Plaintiff's claim for pension benefits was based on a reasonable, timely, and good-faith application of the facts and information obtained during the investigation of the claim and was based on a reasonable, good-faith application of the applicable plan terms.

## NINTH DEFENSE

To the extent the Court finds that Plaintiff is entitled to any pension benefits as alleged in the Complaint, said benefits are subject to various offsets, limitations, and exclusions pursuant to the applicable plan terms.

## TENTH DEFENSE

Any evidence to be considered by the Court is limited to the evidence contained in the claim file materials obtained and reviewed by Defendant, which constitute the Administrative Record.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and by the equitable doctrine of laches.

## TWELFTH DEFENSE

That portion of the Complaint that alleges damages arising from one or more claims for medical expense reimbursement should be dismissed for Plaintiff's failure to exhaust administrative remedies.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## FOURTEENTH DEFENSE

Defendant reserves the right to assert additional defenses as this matter proceeds.

WHEREFORE, the Defendant BASF Corporation, as Plan Sponsor and Plan Administrator for the BASF Corporation Salaried Employees' Pension Plan, respectfully requests that the Complaint be dismissed in its entirety and that Defendant have such other and further relief as this Court may deem just and proper, including, but not limited to, all costs including attorneys' fees.

Dated this 10th day of January, 2019.

Respectfully submitted,

By:  s/W. Kyle Dillard
W. Kyle Dillard (Fed. ID No. 7941)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 North Main Street (29601)
PO Box 2757
Greenville, SC 29602-2757
Phone: 864-271-1300
Fax:    864-235-8806
E-mail: kyle.dillard@ogletree.com

*Attorneys for Defendant*
*BASF Corporation*

36959540.1